UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAIRUL KHAN,<br><br>   Plaintiff,<br><br>   v.<br><br>WALMART INC., et al.,<br><br>   Defendants. | No. 2:24-cv-02404-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9.) The pending motion was taken under submission on the papers on October 22, 2024. (Doc. No. 11.) For the reasons explained below, plaintiff's motion to remand will be granted.

**BACKGROUND**

On August 5, 2024, plaintiff Khairul Khan filed a complaint initiating this action against her employers Walmart Inc. and Wal-Mart Associates, Inc. (collectively, "the Walmart defendants") and managers Precious Cee and Isaiah Boutte. (Doc. No. 1-1 at ¶¶ 2–5.) In her complaint, plaintiff brings six claims under state law, including her fourth claim against all defendants for defamation and her sixth claim against all defendants for intentional infliction of

1

1    emotional distress ("IIED"). (*Id.* at ¶¶ 59–65, 72–75.) Plaintiff also alleges that she and
2    defendants Cee and Boutte are individuals domiciled in California. (*Id.* at ¶¶ 1, 4–5.)
3         On September 3, 2024, the Walmart defendants filed their answer to plaintiff's complaint
4    in the Sacramento County Superior Court. (Doc. No. 1-3 at 2.) The next day, the Walmart
5    defendants removed this action to this federal court pursuant to 28 U.S.C. §§ 1332 and 1441, on
6    the grounds that diversity jurisdiction exists because the amount in controversy is at least
7    $75,000, plaintiff and the Walmart defendants are citizens of different states, and the citizenship
8    of defendants Cee and Boutte "should be disregarded for purposes of diversity because they are
9    'sham' defendants." (Doc. No. 1 at 3–5, 10–13.) According to the Walmart defendants,
10   plaintiff's complaint fails to allege facts sufficient to support claims against defendants Cee and
11   Boutte for defamation and IIED. (*Id.* at 5–6, 8–10.) The Walmart defendants also argue that
12   plaintiff's defamation claim is barred by the common interest privilege, and her IIED claim is
13   preempted by the California's Workers' Compensation Act. (*Id.* at 6–8.)
14        On September 30, 2024, plaintiff filed the pending motion to remand this action to state
15   court. (Doc. No. 9 at 14.) In her motion, plaintiff does not dispute that the amount in controversy
16   exceeds $75,000. (Doc. No. 9.) Instead, plaintiff argues that defendants Cee and Boutte are not
17   fraudulently joined in this action. (Doc. No. 9 at 6.) According to plaintiff, defendant Cee, a
18   front-end manager and plaintiff's direct supervisor, racially discriminated against plaintiff in
19   making a promotion decision, and when plaintiff complained, defendant Cee retaliated against her
20   by making false accusations of misconduct, which resulted in plaintiff's termination. (Doc. No.
21   1-1 at ¶¶ 17–32.) Plaintiff further alleges that defendant Cee "enlisted the assistance" of
22   defendant Boutte, a back-end manager, who signed a separation notice terminating plaintiff for
23   "gross misconduct." (Doc. Nos. 1-1 at ¶ 25; 9-1 at 19.) Specifically, plaintiff alleges that in the
24   weeks following plaintiff's complaint of discrimination, defendant Boutte informed her that she
25   violated Walmart policy regarding a customer's microwave (Doc. No. 1-1 at ¶ 26), defendants
26   Cee and Boutte accused her of improperly processing a return by a Walmart employee involving
27   a $3.50 hair clip (*id.* at ¶ 27), and defendant Boutte ultimately signed off on terminating plaintiff
28   for "gross misconduct" surrounding the return of a $22 item (Doc. Nos. 1-1 at ¶ 30; 9-1 at 19).

2

Plaintiff maintains that her claims against defendants Cee and Boutte are sufficiently alleged. (Doc. No. 9 at 10–14.)

**LEGAL STANDARD**

**A.     Removal Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

When a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is

3

1  fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also*

2  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  However,

3  "if there is a *possibility* that a state court would find that the complaint states a cause of action

4  against any of the resident defendants, the federal court must find that the joinder was proper and

5  remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d

6  543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*,

7  No. 19-cv-07621-JFW-KS, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of

8  fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the

9  cause of action against an in-state defendant.").  The Ninth Circuit has acknowledged that the

10 analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the

11 fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining

12 whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549.  The two

13 tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined.  But the reverse is not true.  If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.  For example, the district court must consider, . . . , whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

18 *Id.* at 550.  Thus, remand must be granted unless the defendant establishes that plaintiff could not

19 amend her pleadings so as to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp.

20 2d 1156, 1159 (C.D. Cal. 2009).  Where "arguments go to the sufficiency of the complaint, rather

21 than to the possible viability of [plaintiff's] claims . . . , they do not establish fraudulent joinder."

22 *Grancare, LLC*, 889 F.3d at 552.

**DISCUSSION**

24  For the reasons discussed below, this court concludes that it lacks diversity jurisdiction,

25 and this action will therefore be remanded to the Sacramento County Superior Court.

26 **A.  Amount in Controversy**

27  As a threshold matter, the amount in controversy, including economic damages, non-

28 economic damages, punitive damages, and attorney's fees, is clearly over $75,000 and is not

4

disputed by the parties. (Doc. Nos. 1 at 10–13; 9; 10 at 6; 12.) The amount in controversy requirement for diversity jurisdiction is therefore satisfied here. *See* 28 U.S.C. §§ 1331, 1332(a).

**B.     Complete Diversity**

The court finds that in-state defendants Cee and Boutte have not been fraudulently joined, and therefore the complete diversity requirement of diversity jurisdiction is not satisfied.

1.     <u>Applicable Standard Under California Law</u>

As noted above, to demonstrate fraudulent joinder, the defendant must establish plaintiff "would not be afforded leave to amend . . . to cure the purported deficiency" in "state court." *Padilla*, 697 F. Supp. 2d at 1159.

Under California law,[1] "[u]nless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion." *McDonald v. Superior Ct.*, 180 Cal. App. 3d 297, 303 (1986). "[W]hen confronted with an original complaint [California courts] focus not on what facts the plaintiff shows he can allege in an amended complaint, but rather on whether anything in the original complaint forecloses amendment." *Eghtesad v. State Farm Gen. Ins. Co.*, 51 Cal. App. 5th 406, 413–14 (2020).

Here, plaintiff's original complaint is pending before this court. (Doc. No. 1-1 at 2.) As such, a finding of fraudulent joinder is only appropriate if allegations "in the original complaint foreclose[] amendment" to cure the purported defects. *Eghtesad*, 51 Cal. App. 5th at 414; *see also Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1180–81 (E.D. Cal. 2020) (rejecting the defendants' fraudulent joinder argument and granting the plaintiff's motion to

/////

---

[1] In evaluating fraudulent joinder for purposes of a motion to remand, the court looks to whether the claim against the in-state defendants would obviously fail in state court, which requires analysis of leave to amend in state court. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court."); *see e.g.*, *Theno v. Abbott Lab'ys*, No. 20-cv-04765-DMG-PVC, 2020 WL 5991617, at *3 n.2 (C.D. Cal. July 15, 2020) ("It is therefore highly likely that [p]laintiff would receive at least one opportunity to amend his pleading in state court."); *Padilla*, 697 F. Supp. 2d at 1159 ("Although the basis for a removability determination is generally limited to the plaintiff's pleadings, where fraudulent joinder is an issue the [c]ourt may look beyond the pleadings . . . . This approach is reasonable and necessary, [citation] particularly given . . . the state court practice of broadly pleading and amending.") (internal citations omitted).

1    remand despite the conclusory nature of the allegations in his complaint, noting that "it is [the]
2    plaintiff's original complaint that is pending before the court").

3        The Walmart defendants largely ignore the applicable legal standard and instead argue the
4    deficiencies of plaintiff's complaint as if they had brought a Rule 12(b)(6) motion.  The Walmart
5    defendants cite only one case that they purport supports plaintiff's inability to cure any pleading
6    deficiencies by way of amendment.  (Doc. No. 10 at 12) (citing *Harrell v. George*, No. 11-cv-
7    00253-MCE-DAD, 2012 WL 3647941 (E.D. Cal. Aug. 22, 2012)).  The court finds the analysis
8    in *Harrell* to be inapplicable here.  In *Harrell* the court was considering a motion to strike a
9    second amended complaint which raised claims under California's anti-SLAPP statute, not a
10   motion to remand as is the case here, and applied the more stringent federal procedural standards
11   in evaluating whether further leave to amend should be granted in that context.  *Harrell*, 2012
12   WL 3647941, at *1, *2, *9.

13       2.    <u>Defamation</u>

14       The court finds that there is a possibility that plaintiff will prevail on her defamation claim
15   against the in-state defendants.  As such, the in-state defendants are not fraudulently joined, and
16   diversity jurisdiction is not satisfied.

17       Under California law, "[t]he tort of defamation involves (a) a publication that is (b) false,
18   (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes
19   special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal citation and quotation
20   omitted).  The Walmart defendants argue that plaintiff cannot state a claim for defamation against
21   the in-state defendants Cee and Boutte because of purported defects in the allegations of the
22   complaint with respect to publication, falsity, and privilege.  (Doc. No. 10 at 8–12.)

23       a.    *Publication*

24       The Walmart defendants first argue that plaintiff cannot state a claim for defamation
25   against the in-state defendants because plaintiff cannot meet the publication element.  (*Id.* at 8–9.)
26   However, the pleading deficiencies that the Walmart defendants have identified do not support a
27   finding of fraudulent joinder.
28   /////

6

Under California law, "'[p]ublication . . . is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made.'" *Bowles*, 444 F. Supp. 3d at 1172–73 (added emphasis omitted) (quoting *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000) (internal citations omitted)). "[W]hile a plaintiff need not plead the allegedly defamatory statement verbatim, the specifics and the substance of the allegedly defamatory statement must be identified." *Steinmetz v. General Electric Company*, No. 08-cv-01635, 2009 WL 2058792, at *5 (S.D. Cal. July 13, 2009). "Less particularity is required when it appears that defendant has superior knowledge of the facts, as long as the pleading gives notice of the issues sufficient to enable preparation of a defense." *Ramirez v. Midland Credit Mgmt., Inc*., No. 22-cv-02772-VC, 2023 WL 2277108, at *2 (N.D. Cal. Feb. 27, 2023) (citation omitted).

The Walmart defendants argue that the communication element of publication is not met because plaintiff "does not identify any specific statements made by" defendants Cee and Boutte. (Doc. No. 10 at 9.) They further argue that specific statements are required because "[t]he general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." (*Id.*) (quoting *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 31 (2007)). Plaintiff responds by pointing to allegations in the complaint that the in-state defendants accused her of "gross misconduct, violation of Walmart Policies, and theft" and states that "an abundance of evidence" regarding the defendants' false accusations "will be fleshed out in discovery." (Doc. No. 9 at 11.)

Plaintiff's complaint alleges that the in-state defendants fabricated performance issues with respect to the return of a microwave oven and a hair clip, and falsely accused plaintiff of "gross misconduct." (Doc. Nos. 1-1 at ¶¶ 26–27; 9-1 at 19.) The court finds that these allegations may be sufficiently specific to satisfy the communication element of publication. *See Ramirez*, 2023 WL 2277108, at *2 ("While it's true that [the plaintiff] has not alleged the precise statement that Capital One communicated to Midland, a natural inference from the series of events alleged in the complaint is that Capital One falsely told Midland that [the plaintiff] owed the debt. That is sufficient.") Even were plaintiff's allegations in this regard to be found

1    insufficiently specific, the Walmart defendants have made no compelling argument that any such

2    deficiency could not be cured by way of amendment. Accordingly, the court finds that

3    defendants' claim of fraudulent joinder is not supported by any failure on plaintiff's part to plead

4    the communication element of publication.

5        The Walmart defendants also contend that plaintiff has not adequately pled the publication

6    element of her defamation claim because she fails to allege that a communication was made to a

7    third person, since she "does not identify" the third person "to whom" the statements were made.

8    (Doc. No. 10 at 9.) Plaintiff does not address this argument in her reply. (Doc. No. 12.)

9        Indeed, the complaint alleges in a conclusory fashion that "statements" were made to

10   "persons other than [p]laintiff." (Doc. No. 1-1 at ¶ 60.) However, nothing in the complaint

11   forecloses the possibility that plaintiff could cure this deficiency by specifying these third persons

12   in an amended complaint. *Bowles*, 444 F. Supp. 3d at 1173, 1180–81 (rejecting the defendants'

13   fraudulent joinder argument, noting that the plaintiff failed to articulate to whom any defamatory

14   statement was made but concluding that "at this early stage in the litigation [] it is possible

15   plaintiff may be able to cure" the deficiency).

16       Accordingly, given the clear possibility that plaintiff could cure any deficiencies in the

17   allegations advanced in support of the publication element of her defamation claim through

18   amendment, the court finds that any deficiency in her allegations as to this element does not

19   support a finding of fraudulent joinder.

20           b.    *Falsity*

21       The Walmart defendants next argue that the alleged publications by the in-state

22   defendants, including the accusation of plaintiff's gross misconduct, were not false because in an

23   email provided by the Walmart defendants, plaintiff admitted that she acted "contrary to company

24   policy" with respect to the return of a $22 item. (Doc. No. 10 at 10.)[2]

25   /////

26

27   [2] "[W]here fraudulent joinder is an issue the [c]ourt may look beyond the pleadings." *Padilla*, 697 F. Supp. 2d at 1159 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).
28

Plaintiff responds by pointing to other sections of the same email, which plaintiff argues strengthen the falsity element of her defamation claim. (Doc. No. 12 at 5.) Plaintiff also argues that even assuming she admitted to violations of company policy, her complaint still cannot be dismissed because her separate allegations of defamation survive, including those for false accusations of "gross misconduct and theft." (*Id.*) After all, plaintiff contends, "'[e]ach publication ordinarily gives rise to a new cause of action for defamation.'" (Doc. No. 12 at 5) (quoting *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003)).

The court finds plaintiff's argument in this regard to be persuasive. To demonstrate fraudulent joinder through outside evidence, a defendant must meet a "clear and convincing evidence" standard. *Hamilton Materials, Inc.*, 494 F.3d at 1206. Assuming the email relied upon by the Walmart defendants meets this standard in demonstrating that plaintiff acted "contrary to company policy" on one occasion, it does not establish by clear and convincing evidence that she violated company policy on the two other occasions at issue or that her violation of company policy with respect to the $22 item amounted to "gross misconduct." (Doc. No. 10-2 at 2–3.) Therefore, the court concludes that the Walmart defendants' evidence is insufficient to support a finding of fraudulent joinder.

        c.    *Common Interest Privilege*

The Walmart defendants next contend that the alleged statements are privileged under California Civil Code § 47(c), the common-interest privilege. (Doc. No. 10 at 10–12.) By statute, California law provides that a "privileged publication" is one made "without malice[ ] to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c).

The interest must pertain to a shared "contractual, business or similar relationship or [where] the defendant is protecting his own pecuniary interest." *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 109 (2004), *disapproved on other grounds by Baral v. Schnitt*, 1 Cal. 5th 376 (2016). For the conditional privilege to apply, the communication must be made "in a

9

reasonable manner and for a proper purpose, to persons having a common interest with him in the subject matter of the communication, when the publication is of a kind reasonably calculated to protect or further it." *Brewer v. Second Baptist Church of Los Angeles*, 32 Cal. 2d 791, 797 (1948) (citation omitted).

"'[D]efendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice.'" *Bowles*, 444 F. Supp. 3d at 1176 (quoting *Taus*, 40 Cal. 4th at 721).

The Walmart defendants argue that the allegedly defamatory statements were made on a privileged occasion because they were made "'during the termination meeting.'" (Doc. No. 10 at 10) (quoting Doc. No. 1-1 at ¶ 61). Plaintiff does not dispute the qualifying context in which the statements were made but assures the court that she "will be able to show that the communications were not made in a reasonable manner nor for a proper purpose such that the common interest privilege would apply." (Doc. No. 9 at 12.) The court understands plaintiff's statement in this regard to be a reference to the malice prong of § 47(c).

The court is persuaded that the Walmart defendants have met their initial burden of showing that the statement in question was made on a privileged occasion, namely during plaintiff's termination meeting. *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 949 (2017) ("Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons.") (internal citations and quotations omitted). District courts within the Ninth Circuit addressing fraudulent joinder have found this prong satisfied in comparable circumstances where a plaintiff alleges defamatory statements made in the context of termination, foreclosing the possibility that the statements were made on a non-privileged occasion. *Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1086–87 (E.D. Cal. 2018).

The Walmart defendants next argue that the allegations in plaintiff's complaint supporting the contention that the statements made during her termination meeting were made with malice are insufficiently specific. (Doc. No. 1 at 7.) In support of this assertion, they cite to the decision

1    in *Narayan v. Compass Group USA, Inc.*, wherein the court found that the plaintiff's "sole
2    allegation" that his manager "failed to reasonably investigate the truth of his statement and knew
3    Plaintiff had been performing the essential functions for over 6 months" did "not set forth the
4    requisite ill will required to show actual malice." 284 F. Supp. 3d at 1088.

5        Plaintiff argues that "*Narayan* is factually distinguishable as the plaintiff there did not
6    allege that 'defendant acted in reckless disregard of the truth,' did not allege that 'defendant was
7    motivated by feelings of ill will toward plaintiff arising from previous quarrels and rivalries,' and
8    did not allege that the reasons defendant provided for the termination 'were part of a plan to
9    discredit and impugn plaintiff's reputation and integrity.'" (Doc. No. 9 at 12) (internal citation
10   omitted). Plaintiff also argues that "[a]s noted in *Narayan*, had [the] plaintiff pled the above facts
11   concerning malice, the outcome would have been different pursuant to *Slaughter v. Friedman*, 32
12   Cal. 3d 149 (1982)." (*Id.*) (citing *Slaughter*, 32 Cal. 3d at 156–57 (finding the plaintiff's
13   allegations of malice to be sufficient to defeat the defendants' claim of a qualified privilege)).

14       The Walmart defendants argue in reply that *Slaughter* is inapplicable here because,
15   although plaintiff's complaint contains the requisite factual allegations of malice, the email
16   evidence establishes that the in-state defendants could not have known that their statements were
17   false. (Doc. No. 10 at 12.) The Walmart defendants also incorrectly cite *Bowles*, a case which is
18   in fact fatal to their argument. (*Id.*) (citing *Bowles*, 444 F. Supp. 3d at 1178–79); *see also Bowles*,
19   444 F. Supp. 3d at 1180 (finding that, because the plaintiff in that case could add more detailed
20   factual allegations upon amendment to "escape the reach of the common-interest privilege," there
21   was no fraudulent joinder and remand was necessary).

22       As to the email presented by the Walmart defendants, the court again is unpersuaded that
23   it amounts to clear and convincing evidence that the in-state defendants could not have acted with
24   malice. Accordingly, the court finds plaintiff's malice-related allegations, (Doc. No. 1-1 at 60,
25   62), to be analogous to those in *Slaughter* and distinguishable from those in *Narayan*.

26       All that remains is the generality of plaintiff's claims. Outside of the fraudulent joinder
27   context, "'[a] general allegation of malice will not suffice; plaintiff must allege detailed facts
28   showing defendant's ill will towards him.'" *Bowles*, 444 F. Supp. 3d at 1178 (quoting

11

*Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990)). Here, plaintiff alleges, both generally and specifically, that "retaliation and discrimination" motivated the in-state defendants' defamatory allegations. (Doc. No. 1-1 at ¶ 32.) The court need not analyze the more specific allegations of racial animus; even plaintiff's general allegations are sufficient to conclude that the Walmart defendants have failed to meet their burden of establishing that plaintiff's complaint forecloses the possibility that she could overcome the applicability of the common-interest privilege. *Bowles*, 444 F. Supp. 3d at 1180 (rejecting the common interest privilege as the basis for fraudulent joinder and granting remand where the plaintiff's original complaint alleged in a conclusory fashion "that the investigation into [plaintiff's] conduct was fabricated and motivated by racial animus"). In sum, the court finds that nothing in plaintiff's complaint forecloses the possibility that plaintiff could adequately allege malice, if she has not already, through amendment.

Because it is possible for plaintiff to prevail in state court on her cause of action for defamation against the in-state defendants, the court finds that the in-state defendants have not been fraudulently joined as to this cause of action.[3] Accordingly, complete diversity is not satisfied, and the case must be remanded to state court. *Grancare*, 889 F.3d at 548.

/////

/////

/////

---

[3] The court notes that plaintiff's IIED claim provides an alternative basis for its decision to remand because there is likewise a possibility that plaintiff may prevail on that claim against the in-state defendants in state court. While plaintiff's complaint does not sufficiently allege the outrageousness element of IIED because plaintiff alleges only personnel management activity (albeit with an improper motive), her complaint does not foreclose the possibility of amendment to allege facts amounting to outrageousness, and district courts within the Ninth Circuit have granted remand under similar circumstances. *E.g.*, *Burris v. AT&T Wireless, Inc.*, No. 06-cv-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006). Further, the Workers' Compensation Act does not obviously preempt plaintiff's IIED claim because "racial discrimination" falls outside the normal employment relationship. *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 510 (9th Cir. 1989), *as amended on denial of reh'g and reh'g en banc* (Sept. 19, 1989); *see also Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017); *Villegas v. CSW Contractors, Inc.*, No. 1:17-cv-01201-DAD-JLT, 2017 WL 6311668, at *4 (E.D. Cal. Dec. 11, 2017).

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand (Doc. No. 9) is granted;

2. This action is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 6, 2024**__                  _/s/ Dale A. Drozd_
                                                                   DALE A. DROZD
                                                                   UNITED STATES DISTRICT JUDGE